UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED FINANCIAL CASUALTY
COMPANY,

                              Plaintiff,

    -against-                                      1:16-CV-0630 (LEK/DJS)

JOHN PADDON, *et al.*,

                              Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

This case stems from a car accident that resulted in substantial injuries to one of the defendants, Matthew Picard. Plaintiff United Financial Casualty subsequently commenced this action against Defendants John Paddon, Christina Paddon, John Paddon and Son Paving and Construction, Inc., Matthew Picard, B&L Motorsports Offroad Park, Jeff Hayes, Adam Wemple, and TGW Productions, Inc., seeking a declaratory judgment from this Court. Dkt. No. 1 ("Complaint") ¶¶ 1–9. Specifically, Plaintiff seeks a judgment declaring that it has no obligation to defend or indemnify any of the Defendants in relation to the underlying incident or in a separate resulting lawsuit. Id. ¶ 41. Currently before this Court is TGW's motion to dismiss for failure to state a claim upon which relief can be granted. Dkt. No. 14 ("Motion to Dismiss"); see also Dkt. Nos. 14-1 ("Memorandum"), 15-1 ("Response"), 16 ("Reply"). For the following reasons, the Complaint is dismissed, sua sponte, for lack of subject matter jurisdiction.

## II. BACKGROUND

### A. The Underlying Dispute

The incident underlying this case took place on July 12, 2013, at an event called "Trucks Gone Wild." Compl. ¶ 13. This event, which Picard attended, took place on property owned by Hayes in Fulton, New York. Id. Spectators watched drivers operate ATVs, off-road vehicles, and sport vehicles on a mud track. Id. ¶¶ 14, 17. According to the Complaint, Trucks Gone Wild was promoted, sponsored, hosted, and operated by B&L, Wemple, and TGW. Id. ¶ 16.

At some point during the event, Picard was hit by a 1996 Ford F-350 pickup truck, which was owned and operated by John Paddon. Id. ¶¶ 18–19. After the accident, Paddon handed Picard a business card bearing the "John Paddon and Son" company name. Id. ¶ 21. At the time, Paddon and Son had an insurance policy with Plaintiff (the "Policy"). Id. ¶ 22. According to the Policy, Plaintiff agreed to pay any damages for bodily injury that an insured became legally responsible for because of an accident arising out of the ownership or use of an "insured auto." Id. ¶ 26. The Policy defines "insured auto" as either (1) an auto specifically described on the declarations page, (2) an additional auto on the date the holder becomes the owner (subject to limitations), or (3) any replacement auto on the date the holder becomes the owner (subject to limitations). Id.

Plaintiff alleges that it is not obligated to defend or indemnify any of the Defendants because the auto involved in the incident was not an insured auto under the Policy. Id. ¶¶ 32–37. Plaintiff contends that the truck is not listed on the declarations page and that it does not constitute an additional or replacement auto. Id. ¶¶ 34–35. Thus, on October 15, 2014, Plaintiff sent a letter to Paddon and Son (copying Picard) denying coverage for the incident. Id. ¶ 29.

There are no allegations in the Complaint suggesting that Paddon and Son, TGW, or any other defendant challenged or disputed Plaintiff's determination in any manner.

### B. Procedural History

Picard sued Paddon and the rest of the Defendants for the injuries that Paddon allegedly caused him in the United States District Court for the Northern District of New York. Id. ¶ 30; Picard v. Paddon, No. 16-CV-420 (N.D.N.Y. filed Apr. 13, 2016). Because of its concern that Defendants will seek indemnification if Picard is successful in his lawsuit, Plaintiff subsequently filed the Complaint here seeking a declaration from the Court that it need not defend or indemnify Defendants. Compl. ¶ 41.

In response, TGW filed its motion, asserting that the Complaint does not adequately specify why it is a defendant in this case. Mem. at 4–6. In the alternative, TGW argues that the Complaint should be amended to include a more definite statement in accordance with Federal Rule of Civil Procedure 12(e). Id. at 3–4. TGW's central argument is that there are no specific allegations in the Complaint establishing a controversy between it and Plaintiff, and thus the Complaint has not stated a claim for declaratory judgment. Id. at 4–6.

Plaintiff's motion for default judgment against John Paddon, Christina Paddon, Paddon and Son, B&L Motorsports, and Wemple is also before the Court. Dkt. No. 30 ("Motion for Default Judgment"). Plaintiff sets out the timetable for the underlying action's commencement and the subsequent dates of service of process. Dkt. No. 30-1 ("Attorney Affirmation") ¶¶ 3–24. On June 3, 2016, Plaintiff commenced this declaratory judgment action by filing its Complaint. Id. at 2. Shortly thereafter, each defendant was served by either personal service or substitute service. Id. ¶¶ 12–21. Defendants Wemple and B&L Motorsports were served on June 14, 2016,

and were due to appear July 5, 2016. Id. Next, Paddon and Son was served on June 28, 2016, and was due to appear July 18, 2016. Id. Finally, John and Christina Paddon were served on September 30, 2016, and both were due to appear October 21, 2016. Id.

Plaintiff alleges that all of these defendants have failed to plead or otherwise defend the action and thus are in default. On September 6, 2016, the Clerk of the Court issued an entry of default against Paddon and Son, B&L Motorsports, and Wemple. Id. ¶ 22. On December 20, 2016, the clerk entered default against John and Christina Paddon. Id. ¶ 23.

## III. LEGAL STANDARD

A threshold issue in every federal case is whether the court has subject matter jurisdiction over the claim. See U.S. Const. art. III, § 2 (establishing the extent of federal jurisdiction). The party asserting jurisdiction bears the burden of proof. In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)). A case must be dismissed for lack of subject matter jurisdiction, sua sponte or otherwise, "when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)), aff'd, 133 S. Ct. 721 (2013).

In addition to meeting one of the statutory grants of jurisdiction, e.g., 28 U.S.C. §§ 1331, 1332, federal lawsuits must satisfy Article III of the U.S. Constitution, which limits the federal judicial power to actual "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. A dispute is not justiciable under this "case or controversy" standard unless it is "definite and concrete, touching the legal relations of parties having adverse legal interests." In re Motors Liquidation Co., 829 F.3d 135, 168 (2d Cir. 2016) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41

(1937)). This standard is not satisfied by a "dispute of a hypothetical or abstract character." Nike, Inc., 663 F.3d at 94 (quoting Aetna, 300 U.S. at 240).

Additionally, a district court cannot grant decalratory relief under the Declaratory Judgment Act unless an actual controversy exists. 28 U.S.C. § 2201(a). In order for courts to determine whether this standard is met, they must ask whether the facts alleged "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

In the context of insurance claims, the case or controversy requirement may be satisfied even though liability is contingent on some other occurrence. E.g., E.R. Squibb & Sons, Inc. v. Lloyd's & Cos., 241 F.3d 154, 177 (2d Cir. 2001). Courts must focus on the "practical likelihood" that the contingencies will occur. Id. (quoting Associated Indem. Corp. v. Fairchild Indus. Inc., 961 F.2d 32, 35 (2d Cir. 1992)). In other words, the court examines the "'practical likelihood' that there will be some type of settlement or judgment against the insurer." Fed. Ins. Co. v. SafeNet, Inc., 758 F. Supp. 2d 251, 262 (S.D.N.Y. 2010) (citing Emp'rs Ins. v. Fox Entm't Grp., Inc., 522 F.3d 271, 278 (2d Cir. 2008)).

IV. DISCUSSION

While Plaintiff has alleged facts sufficient to invoke diversity jurisdiction under 28 U.S.C. § 1332, the Complaint fails to meet the case or controversy requirement. As noted above, to satisfy the "actual controversy" requirement, a dispute must be (1) definite and concrete, (2) real and substantial, (3) "admit of specific relief through a decree of a conclusive character," and

(4) not be a request for an advisory opinion upon a hypothetical state of facts. MedImmune, 549 U.S. at 127.

An actual controversy does not exist where there is no evidence or indication that the main theory on which the plaintiff seeks declaratory judgment is in dispute between the parties. See Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 752 (2d Cir. 1996) ("If the parties to the instant case have no 'substantial' disagreement over the validity of the franchise agreement under the Nonintercourse Act, this issue cannot serve as the basis for federal jurisdiction over the plaintiff's declaratory judgment action."); Conn. Yankee Atomic Power Co., v. Planning & Zoning Comm'n, No. 00-CV-2425, 2001 WL 1898262, at *3 (D. Conn.) ("[Plaintiff's] claim that its complaint presents an actual controversy is unavailing because . . . there is no controversy between [the parties] as to whether the defendants' conduct is preempted by federal law."), aff'd, 19 F. App'x 21 (2d Cir. 2001).

This requirement—that the main theory on which plaintiff seeks a declaratory judgment be in dispute between the parties—has been applied by circuit courts across the country. E.g., Columbian Fin. Corp. v. BancInsure, Inc., 650 F.3d 1372, 1385 (10th Cir. 2011); Jones v. Sears Roebuck & Co., 301 F. App'x 276, 282 (4th Cir. 2008) (per curiam); Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987).

Further, a controversy does not exist where "the defendant ha[s] not taken any action, even of a preliminary nature, against the plaintiff, and the defendant ha[s] not indicated that it intend[s] to take any future legal action against the plaintiff." Jones, 301 F. App'x at 282 (alterations in original) (quoting Volvo Constr. Equip. N. Am. Inc. v. CLM Equip. Co., 386 F.3d 581, 593 n.12 (4th Cir. 2004)); see also Apotex, Inc. v. Pfizer Inc., 385 F. Supp. 2d 187, 193

(S.D.N.Y.) (finding no actual controversy existed when no suit had been threatened by the defendant), aff'd, 159 F. App'x 1013 (Fed. Cir. 2005). In the insurance context, "[a]n insurer's effort to defeat coverage is generally not ripe if there is no live claim for coverage by the insured." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hicks, Muse, Tate & Furst, Inc., No. 02-CV-1334, 2002 WL 1482625, at *4 (S.D.N.Y. July 10, 2002).

Here, Plaintiff has not shown that the Court has subject matter jurisdiction over this case. None of its allegations suggest that there is a dispute between the parties as to whether Plaintiff is obligated to defend or indemnify Defendants in the lawsuit over the Underlying Incident. As in the Jones case, nothing in the Complaint indicates that TGW will seek recovery from Plaintiff even if it is found liable in the underlying action. Instead, Plaintiff alleges a merely hypothetical dispute. It is effectively asking the Court to issue an advisory opinion as to its obligation to indemnify or defend the lawsuit. This type of request is not justiciable and does not constitute a case or controversy under the Constitution.

In asserting that the Court can hear this case, Plaintiff relies on two cases—one from the Southern District of New York and one from the Third Department of the New York State Appellate Division. Resp. at 2–4. Although both of these cases involved similar issues as the case here, there is a major difference: they both concerned an actual dispute between the parties. See Fed. Ins. Co., 758 F. Supp. 2d at 262 ("[P]laintiff has shown that the insured and the insurer take vastly different positions regarding the applicability and enforceability of the [policies]."); White v. Nationwide Mut. Ins. Co., 644 N.Y.S.2d 590, 590–91 (App. Div. 1996) (noting that the plaintiff asserted a duty for the defendant insurance company to defend and indemnify the lawsuit, and the defendant sent notice disclaiming any such liability). Moreover, as an Appellate

7

Division case, White is irrelevant to this dispute, since New York courts are not constrained by Article III and the Declaratory Judgment Act.

Perhaps the problem with Plaintiff's Complaint is that it is incomplete. It is possible that there is an actual dispute between Plaintiff and TGW, and that TGW has made some indication that it would seek recovery from Plaintiff if it lost in the underlying action. But the Complaint, along with Plaintiff's response to the motion, does not allege anything to that effect. While the lack of allegations regarding a dispute between the parties requires dismissal of the Complaint, it is unclear whether there is in fact no actual controversy, or whether Plaintiff simply failed to include the proper facts in its Complaint. See Golub Corp. v. Sandell Transp., Inc., No. 15-CV-0848, 2016 WL 4703734, at *7 (N.D.N.Y. Sept. 8, 2016) (Kahn, J.) (noting the possibility that the plaintiff's complaint was legally insufficient only because its lawyers failed to include the proper facts). Because the Complaint maybe merely incomplete, the Court will allow Plaintiff to move to amend its Complaint, at which point TGW may respond and the Court can assess the proposed amendment's validity and other factors governing leave to amend. Id.

This motion to amend must comply with Local Rule 7.1(a)(4) and must fully address the deficiencies identified in this Memorandum-Decision and Order. Failure to do so will result in denial of the motion and the closure of this case. See, e.g., Burrowes v. Combs, 124 F. App'x 70, 71 (2d Cir. 2005) (affirming the district court's dismissal without further leave to amend after a previous amendment was unsuccessful).

V.  **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED for lack of subject matter jurisdiction**; and it is further

**ORDERED**, that defendant TGW's Motion to Dismiss (Dkt. No. 14) and Plaintiff's Motion for Default Judgment (Dkt. No. 30) are **DENIED as moot**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed in this case, it must file a motion to amend its Complaint, in accordance with the Local Rules, within **thirty (30) days** from the date of this Memorandum-Decision and Order; and it is further

**ORDERED**, that if Plaintiff does not move to amend its Complaint within the time provided, the Clerk of the Court shall close this case without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	March 30, 2017
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge