**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED FINANCIAL CASUALTY
COMPANY,

          Plaintiff,

   - v -              Civ. No. 1:16-CV-630
                     (LEK/DJS)
JOHN PADDON, *et al.*,

          Defendants.

**APPEARANCES:**[1]          **OF COUNSEL:**

HURWITZ & FINE, PC        JENNIFER A. EHMAN, ESQ.
*Attorney for Plaintiff*
1300 Liberty Buiding
424 Main Street
Buffalo, NY 14202

TOWNE, RYAN LAW FIRM      JOHN W. LIGUORI, ESQ.
*Attorney for Defendant Matthew Picard*
450 New Karner Road
P.O. Box 15072
Albany, NY 12205

SCHUR & ROSE, PLLC       RONALD R. SCHUR, JR., ESQ.
*Attorney for Defendant Jeff Hayes*
P.O. Box 358
2431 State Highway 30
Mayfield, NY 12117

FMS LAWYER PL         FRANK M. SMITH, ESQ.
*Attorney for TGW Productions, Inc.*
9900 Stirling Road, Suite 226
Cooper City, FL 33024

---

[1] There has been no appearance by Defendants John Paddon, Christina Paddon, John Paddon and Son Paving and Construction, Inc., B & L Motorsports Offroad Park, and Adam Wemple. Upon request, the Clerk issued Entry of Default for each of these Defendants, but the Plaintiff's Motion for Default Judgment was denied as moot. *See* Dkt. Nos. 21, 22, 30, & 32.

**DANIEL J. STEWART**
**United States Magistrate Judge**

## **REPORT-RECOMMENDATION and ORDER**

### **I. BACKGROUND AND HISTORY**

On June 3, 2016, Plaintiff United Financial Casualty Company ("United Financial") commenced this Declaratory Judgment Action seeking a determination that it is not obligated to defend nor indemnify Defendants for claims arising out of a personal injury accident that occurred on July 12, 2013, at a "Trucks Gone Wild" event in Fulton, New York (hereinafter referred to as the "Underlying Incident"). Dkt. No. 1, Compl. It is alleged that on that date, a spectator at the event had his leg run over by a Ford F350 truck, which was operated by Defendant John Paddon and was emblazoned with the logo for John Paddon and Son Paving and Construction Inc. ("Paddon and Son"). Compl. at ¶¶ 13-19; *see also Picard v. Paddon et al.*, Civ. No. 1:16-CV-420 (BKS/DJS), at Dkt. No. 41, 2d Am. Compl., at ¶ 28. United Financial is the commercial auto insurer of certain of that Paddon and Son's vehicles. Compl. at ¶ 22. The injured party, Matthew Picard, commenced a diversity action in this District on April 13, 2016. *See Picard v. Paddon et al*, Civ. No. 1:16-CV-420 (BKS/DJS).

As part of this Declaratory Judgment Action, which was commenced against, *inter alia*, Mr. and Mrs. Paddon; Paddon and Son; Picard; and various organizers and promoters of the event, Plaintiff United Financial alleges that the truck in question is not covered under the Paddon and Son's commercial insurance policy, as it is not listed in the declaration page of the commercial policy, nor does it qualify as either an "additional auto" or a "replacement auto." Compl. at ¶¶ 25-37.

On July 14, 2016, Defendant TGW Productions, Inc., filed a Motion to Dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted, or in the alternative, pursuant to Federal Rule of Civil Procedure 12(e), for a more definitive statement. Dkt. No. 14. On March 30, 2017, the Honorable Lawrence E. Kahn, Senior United States District Judge, issued a Memorandum-Decision and Order wherein he dismisses the Declaratory Judgment Action on alternate grounds for lack of subject matter jurisdiction. Dkt. No. 32, Mem.-Dec. & Order. Therein, Judge Kahn noted that none of the allegations in the Declaratory Judgment Action Complaint "suggest that there is a dispute between the parties as to whether Plaintiff is obligated to defend or indemnify Defendants in the lawsuit over the Underlying Incident." *Id*. at p. 7. Judge Kahn, however, considered the possibility that the Complaint may be "incomplete" and that, as to Defendant TGW, the moving party, there could be an actual dispute where, for example, TGW had "made some indication that it would seek recovery from Plaintiff if it lost in the underlying action." *Id*. at p. 8. Judge Kahn thus provided Plaintiff an opportunity to amend its pleading in order to address the deficiencies noted and identified by the District Court. *Id.* In light of the want for subject matter jurisdiction, Judge Kahn further deemed TGW's Motion to Dismiss (Dkt. No. 14) and Plaintiff's Motion for Default Judgment (Dkt. No. 30) to be moot. *Id*. at p. 9.

On April 28, 2017, United Financial Casualty Company filed a Motion to Amend its Complaint, which was referred to this Court. Dkt. No. 33. The Motion has not been opposed.

## II. ANALYSIS[2]

The Proposed Amended Complaint is, in certain respects, materially different from the initial

---

[2] In his Memorandum-Decision and Order, Judge Kahn provides an exhaustive analysis of the case or controversy requirement of federal subject matter jurisdiction, and that reasoning is fully adopted and will not be repeated. *See* Dkt. No. 32 at pp. 4-5.

pleading. For example, the Proposed Amended Complaint deletes certain Defendants, such as B & L Motorsports Offroad Park; Jeff Hayes; Adam Wemple; and TGW Productions, Inc. Dkt. No. 33-6, Proposed Am. Compl. In addition, the Proposed Amended Complaint adds certain facts that the Plaintiff believes establishes that there is a ripe claim and controversy. In particular, United Financial notes that shortly after the accident, Defendant John Paddon contacted United Financial and reported the accident, and that in September 2014, the attorney for Defendant Matthew Picard contacted United Financial seeking to make a claim under the policy. *Id.* at ¶¶ 22 & 26.

Nevertheless, despite the changes set forth in the Proposed Amended Complaint, this Court finds that it does not adequately address the fundamental case-or-controversy question identified by Judge Kahn. It still is unclear who or what entity is claiming that United Financial is obligated to defend or indemnify them/it in conjunction with the Underlying Incident. In the Proposed Amended Complaint, United Financial notes that immediately after the accident, Defendant John Paddon handed his business card to Matthew Picard, the injured party, and that the card included the company name "John Paddon and Son." Proposed Am. Compl. at ¶ 16. Very shortly thereafter, Mr. Patton contacted his insurance carriers to notify them of the occurrence, and that one of the insurance companies notified was United Financial. *Id.* at ¶ 22. However, the Proposed Amended Complaint also notes that within two weeks of the initial inquiry United Financial had confirmed with Defendant Christina Paddon, John Paddon's wife, that the truck in question was *not* insured under the business auto policy, but was rather insured by Progressive Insurance Company under Mrs. Paddon's personal automobile policy. *Id.* at ¶ 24.

Next, in pre-suit activity, Matthew Picard's counsel contacted United Financial seeking to make a claim under the Paddon and Son commercial auto policy. *Id*. at ¶ 26. In response, United

Financial issued a letter explicitly denying coverage, noting that the truck involved is not an "insured auto" under its policy. *Id*. at ¶ 28. The denial letter, dated October 15, 2014, was served not only upon the Paddons, but also upon Matthew Picard, the injured party. *Id*. The present Proposed Amended Complaint does not indicate that any involved party has ever objected to this denial of coverage.

Importantly, the Second Amended Complaint filed in the Underlying Personal Injury Action specifically addresses the insurance issue. In particular, while that pleading alleges, alternatively, that the truck in question was owned by Mr. Paddon, Mrs. Paddon, and/or Paddon and Son, the pleading also specifically states that "the aforementioned motor vehicle driven by Mr. Paddon *was insured by* Mrs. Paddon." *Picard v. Paddon, et al.*, Civ. No. 1:16-CV-420 (BKS/DJS), at Dkt. No. 41, 2d Am. Compl., at ¶ 29 (emphasis added). John Paddon, Christina Paddon, and John Paddon and Son, have admitted that specific allegation. *Id.*, at Dkt. No. 47, Ans., at ¶ 29. Thus, there is no real dispute that the truck in question was insured under the Progressive Auto Policy secured by Mrs. Paddon.

In light of the foregoing, the Proposed Amended Complaint fails to identify a tangible dispute or a real and substantial controversy regarding the issue of United Financial Casualty Company's obligation to defend or indemnify in this matter. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hicks, Muse, Tate & Furst, Inc.,* 2002 WL 1482625 (S.D.N.Y. July 10, 2002) ( "An insurers's effort to defeat coverage is generally not ripe if there is no live claim for coverage by the insured."); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (the case must present a "real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state

of facts." ). Accordingly, the Proposed Amended Complaint suffers from the same infirmities as the initial Complaint. It is therefore **recommended** that the Motion to Amend be **denied** and this entire action be dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Motion to Amend the Complaint be **DENIED** and this entire action be dismissed due to a lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 28, 2017
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge