UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED FINANCIAL CASUALTY
COMPANY,

        Plaintiff,

 -against-            1:16-CV-0630 (LEK/DJS)

JOHN PADDON, *et al.*,

        Defendants.

## ORDER

  This matter comes before the Court following a report-recommendation filed on July 28, 2017, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 34 ("Report-Recommendation").

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

In the Report-Recommendation, Judge Stewart recommends denying Plaintiff's motion to amend its complaint, Dkt. No. 33 ("Motion to Amend"), and dismissing the action for lack of subject matter jurisdiction. Rep.-Rec. at 3–6. Plaintiff filed timely objections. Dkt. No. 35 ("Objections"). Plaintiff raises three objections to the Report-Recommendation: "(1) the defendants, in declining to oppose the motion to amend, have conceded that a real case or controversy exists; (2) the allegations of the proposed Amended Complaint, taken as true, set forth a real case or controversy; and (3) the pendency of the Underlying Action, which includes allegations that PADDON PAVING is liable, and the parties' request for coverage from UNITED FINANCIAL for any such liability, is precisely the type of dispute proper for this Court's resolution." Id. at 4.[1]

Plaintiff's first objection lacks merit. The Court previously dismissed this action for lack of subject matter jurisdiction. Dkt. No. 32 ("March Order") at 9. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Therefore, Plaintiffs contention that the Defendants have conceded that a "a real case or controversy exists," Objs. at 4, is irrelevant to assessing whether the Court has power to hear this case. The Court agrees with Judge Stewart that Plaintiff's proposed amended complaint fails to allege a real case or controversy.

---

[1] Plaintiff does not specify what the "Underlying Action" is, but it appears to be a reference to the instant case.

The remaining two objections are merely a repetition of arguments made to Judge Stewart. Compare id. at 5–7, with Dkt. No. 33-7 ("Memorandum") at 5–7. Thus, the Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 34) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 06, 2017
Albany, New York

Lawrence E. Kahn
U.S. District Judge